UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEXTER 345 INC., DEXTER
PROPERTIES, LLC and ESPLANADE 94
LLC,

                    Plaintiffs,

-v-

ANDREW M. CUOMO, as Governor of the
State of New York, and THE STATE OF
NEW YORK,

                    Defendants,

THE CITY OF NEW YORK,

                    Intervenor Defendant.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-3-11

No. 11 Civ. 1319 (RJS)
MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge:

On April 8, 2011, Plaintiffs filed a motion seeking a preliminary injunction to enjoin enforcement of Chapter 225 of the Laws of New York State of 2010 ("Chapter 225"). The Court denied Plaintiffs' motion in an Order dated April 29, 2011, stating that a full opinion would follow. This is that opinion. Also before the Court is Plaintiffs' motion for a preliminary injunction prohibiting Defendants from enforcing Chapter 225 pending appeal, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiffs' motion for an injunction pending appeal is also denied.

### I. BACKGROUND[1]

Plaintiffs are owners of Class A multiple dwellings[2] in New York City that they operate at least in part as budget hotels. On July 16, 2010, then-Governor David Patterson signed Chapter 225

---

[1] The Court assumes the parties' familiarity with the facts of this case and will only recount the facts relevant to this decision.

[2] Under the prior version of the Multiple Dwelling Law, Class A multiple dwellings were defined as those multiple dwellings "occupied, as a rule, for permanent residence purposes." N.Y. Mult. Dwell. Law § 4(8) (2009).

into law, banning the rental of any unit in a Class A building for less than 30 days. After a subsequent amendment, Chapter 225's effective date was set as May 1, 2011.

Plaintiffs filed their Complaint on February 25, 2011, claiming Chapter 225 violated the Takings Clause of the Fifth Amendment to the United States Constitution, the Due Process Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, and the equivalent clauses of the New York State Constitution. Though the Complaint mentioned that Plaintiffs intended to seek injunctive relief, Plaintiffs first requested permission to file a motion for a preliminary injunction, based on their claims under the takings clauses of the United States and New York constitutions only, on March 21, 2011. The Court held a pre-motion conference on April 1, 2011 to discuss Plaintiffs' anticipated motion.[3] Plaintiffs were not ready to file their motion at that time. In an Order dated April 5, 2011, the Court directed Plaintiffs to file their motion by April 8, 2011. This matter was fully briefed as of April 25, 2011.[4]

## II. DISCUSSION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 374 (2008); *see Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010) (internal quotation marks omitted). A preliminary injunction is an "extraordinary remedy" that should not be routinely granted. *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79, 80 (2d Cir. 1990). The party seeking the injunction carries the burden of persuasion to

---

[3] At the same conference, the Court granted the City of New York's motion to intervene as a defendant in this case.

[4] Also currently pending before the Court are Defendants and Intervenor Defendant's motions to dismiss this action.

demonstrate, "by a clear showing," that the necessary elements are satisfied. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

"Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233-34 (2d Cir. 1999) (citation and internal quotation marks omitted). Because of this, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.* at 234 (citations and internal quotation marks omitted). In order to demonstrate irreparable harm, a plaintiff must show an injury that is "actual and imminent" and that "cannot be remedied by an award of monetary damages." *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995) (citation and internal quotation marks omitted); *accord Moore v. Consol. Edison Co. of N. Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) ("Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances."). If the movant fails to make a showing of irreparable harm, the motion for a preliminary injunction must fail. *See Rodriguez*, 175 F.3d at 234.

Plaintiffs contend that they have demonstrated irreparable harm because (1) "the Law will adversely effect Plaintiffs' real property by depriving them of the right to make 'productive use' of their properties" (Pls.' Reply at 2) and (2) "absent an injunction stopping the enforcement of the Law, their businesses will be destroyed" (Pls.' Mem. at 6). With regard to the property argument, Plaintiffs rely largely on *Tioronda, LLC. v. New York*, 386 F. Supp.2d 342 (S.D.N.Y. 2005), but that case is easily distinguishable, as the potential harm involved there was "permanent damage to rare and horticulturally significant trees," *id.* at 350.[5] "Here, Plaintiff[s'] interest in the real estate is

---

[5] Similarly, the cases Plaintiffs cite in their reply brief – *Third Church of Christ, Scientist, of New York City v. City of New York*, 617 F. Supp. 2d 201 (S.D.N.Y. 2008), and *Brooklyn Heights Association, Inc. v. National Park Service*, No.

3

commercial, and the harm [they] fear[] is the loss of [their] investment, as opposed to loss of [their] home or a unique piece of property in which [they] ha[ve] an unquantifiable interest." *SK Greenwich LLC v. W-D Group (2006) LP*, No. 10 Civ. 7846 (RPP), 2010 WL 4140445, at *3 (S.D.N.Y. Oct. 21, 2010). The Court's denial of an injunction will not result in a transfer of the property from Plaintiffs to the state, or the destruction of some irreplaceable feature. Instead it will merely prevent Plaintiffs from operating a certain type of business on the property.

Plaintiffs cite a number of cases for the proposition that a threat to the continued existence of a business can constitute irreparable injury. (*See* Pls.' Mem. at 2.) However, while such a threat *can* constitute irreparable injury under certain circumstances, the Court finds no such injury here. In the foundational case in this Circuit for the proposition that a threat to business's existence can constitute irreparable injury, *Nemer Jeep-Eagle, Inc. v. Jeep-Eagle Sales Corp.*, 992 F.2d 430 (2d Cir. 1993), the panel found that money damages were inadequate compensation because the appellant, a car dealership, had been operating for only two years and had only recently begun showing a profit and therefore "lack[ed] a track record from which to extrapolate" damages, *id.* at 436. Here, Plaintiffs Dexter 345, Inc. and Dexter Properties, LLC have operated their Dexter House since 1957 (*see* Declaration of Jay Wartski dated April 7, 2011, Doc No. 14, ¶ 5) and Plaintiff Esplanade has operated its Hotel Alexander since February 2007 (*see* Declaration of Alexander Scharf dated April 8, 2011, Doc No. 13, ¶4). Surely it will be possible for Plaintiffs to calculate money damages here, including lost profits, based on their previous rent figures. While Plaintiffs argue that they will also experience reputational and good will damage, such arguments are likewise

---

11 Civ. 226 (ENV), 2011 WL 1348344 (E.D.N.Y. Apr. 8, 2011) – can also be easily distinguished from the case at bar. In *Third Church of Christ*, the court found that "[t]he Church possesses a unique interest in its place of worship that cannot be remedied by an award of compensation or a monetary reward." *Third Church of Christ*, 617 F. Supp. 2d at 215. Similarly, in *Brooklyn Heights Association*, the Court granted an injunction only after concluding that there was a risk of damage to a "national historic landmark." 2011 WL 1348344, at *9.

unpersuasive. First, the harm here to Plaintiffs' reputation was caused by the legislature's declaration that budget hotels like theirs are unsafe and unwanted in the community. As Plaintiffs point out, this harm has already occurred. (*See* Pls.' Reply at 3.) With regard to harm to Plaintiffs' good will, Plaintiffs cite only one case – *Nat'l Elevator Cab & Door Corp. v. H & B, Inc.*, No. 07 Civ. 1562 (ERK) (RML), 2008 WL 207843 (E.D.N.Y. Jan. 24, 2008) – which involved the breach of a non-compete clause, *id.* at *5. Plaintiffs cite no Takings Clause cases involving damage to good will and, in the only such case the Court is aware of, *ACS Enters., Inc. v. Comcast Cablevision of Philadelphia, L.P.*, 857 F. Supp. 1105 (E.D. Pa. 1994), the court found that any harm resulting from loss of good will could be compensated by money damages, *id.* at 1112. The Court agrees. Here, any loss of good will would result from Plaintiffs being unable to run their businesses in their former manner due to government regulation. As stated above, Plaintiffs have extensive information about prior years' rentals, thus allowing for the calculation of money damages to compensate Plaintiffs.

Because Plaintiffs have failed to demonstrate irreparable harm, their motion for a preliminary injunction is denied.

### III. INJUNCTION PENDING APPEAL

After the Court's April 29 ruling denying the preliminary injunction, Plaintiffs filed an appeal with the Second Circuit (Doc. No. 39). They also submitted an Order to Show Cause in this Court on May 2, 2011, seeking an injunction pending disposition of their appeal. Under Rule 62 of the Federal Rules of Civil Procedure, "[w]hile an appeal is pending from an interlocutory order . . . [that] denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). The issuance of a stay pursuant to Rule 62 is a matter committed to the district court's discretion. *See Nken v. Holder*, 129 S. Ct. 1749, 1760 (2009). "The party requesting a stay bears the burden of

5

showing that the circumstances justify an exercise of that discretion." *Id.* at 1761.

> The four factors to be considered by a court in deciding whether to issue a stay pending appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; [(2)] whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Gesualdi v. Laws Const. Corp.*, No. 09 Civ. 1067 (DLC), 2010 WL 5185067, at *12-13 (S.D.N.Y. Dec. 22, 2010) (quoting *Nken*, 129 S. Ct. at 1761)). "The first two factors of the traditional standard are the most critical." *Nken*, 129 S. Ct. at 1761.

For the reasons stated above, Plaintiffs have failed to demonstrate that they will be irreparably injured absent an injunction. Moreover, a stay here would be against the public interest, as there is a public interest in timely execution of regulations. The legislature and governor made the decision nearly ten months ago to prevent short-term rentals in Class A multiple dwellings. Plaintiffs' decision to wait until the eleventh hour, when Chapter 225 was about to take effect, to seek their injunction meant they were running the risk that an adverse decision would not be appealable before the law took effect. Accordingly, the Court denies Plaintiffs' motion.

### IV. CONCLUSION

For the foregoing reasons, the Court denied Plaintiffs' motion for a preliminary injunction. IT IS HEREBY ORDERED THAT Plaintiffs' motion for an injunction pending an appeal is also DENIED.

SO ORDERED.

DATED: May 3, 2011
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE