**MANDATE**

N.Y.S.D. Case #
11-cv-1319(RJS)

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

_____

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of December, two thousand eleven.

Before:     JON O. NEWMAN,
            PIERRE N. LEVAL,
            ROSEMARY S. POOLER,
            *Circuit Judges*.

_____

Dexter 345 Inc., Dexter Properties, LLC, Esplanade 94 LLC,

   Plaintiffs - Appellants,

      v.

Andrew Cuomo, as Governor of the State of New York, State of New York,

   Defendants - Appellees,

City of New York,

   Intervenor Defendant - Appellee.

_____

JUDGMENT
Docket No.: 11-1802

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 27, 2011

The appeal in the above captioned case from the order of United States District Court for the Southern District of New York was argued on the district court's record and the parties' briefs. Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the order of the district court is AFFIRMED in accordance with the opinion of this court.

FOR THE COURT,
CATHERINE O'HAGAN WOLFE, Clerk

*Catherine O'Hagan Wolfe*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*Catherine O'Hagan Wolfe*

**MANDATE ISSUED ON 12/27/2011**

11-1802-cv
Dexter 345 Inc. v. Cuomo

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2010

Heard: June 22, 2011                    Decided: December 5, 2011

Docket No. 11-1802-cv

- - - - - - - - - - - - - - - - - - - - - - - -
DEXTER 345 INC., DEXTER PROPERTIES, LLC,
and ESPLANADE 94 LLC,
          Plaintiffs-Appellants,

                    v.

ANDREW CUOMO, as Governor of the
State of New York, and STATE OF NEW YORK,
     Defendants-Appellees,

CITY OF NEW YORK,
     Intervenor-Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, LEVAL, and POOLER,  Circuit Judges.

       Appeal from the May 2, 2011, order of the United States District

Court for the Southern District of New York (Richard J. Sullivan,

District Judge), denying hotel owners' motion for a preliminary

injunction to prevent enforcement of state law prohibiting rental of

hotel rooms in certain types of buildings for less than 30 days.

       Affirmed.

                              Richard G. Leland, New York, N.Y. (Michael
                                 B. de Leeuw, Fried, Frank, Harris,
                                 Shriver & Jacobson LLP, New York, N.Y.,
                                 on the brief), for Plaintiffs-
                                 Appellants.

                              Monica Wagner, Asst. Solicitor General,
                                 New York, N.Y. (Eric T. Schneiderman,
                                 N.Y. State Atty. General, Barbara D.
                                 Underwood, Solicitor General, Benjamin
                                 N. Gutman, Deputy Solicitor General,
                                 Office of the N.Y. State Attorney
                                 General, New York, N.Y., on the brief),
                                 for Defendants-Appellees.

Marta S. Ross, Asst. Corporation Counsel, New York, N.Y. (Michael A. Cardozo, City of N.Y. Corporation Counsel, Edward F.X. Hart, Sheryl R. Neufeld, Office of the Corporation Counsel of the City of New York, New York, N.Y.), on the brief, for Intervenor-Defendant-Appellee.

JON O. NEWMAN, Circuit Judge.

This appeal from the denial of a preliminary injunction challenges a provision of New York's Multiple Dwelling Law on the ground that it amounts to an unconstitutional regulatory taking of property. Dexter 345, Inc., Dexter Properties, LLC, and Esplanade 94 LLC (collectively "the Appellants") appeal from the May 2, 2011, order of the United States District Court for the Southern District of New York (Richard J. Sullivan, District Judge), denying their motion for a preliminary injunction to enjoin enforcement of Chapter 225 of the Laws of New York State of 2010 ("Chapter 225"). Chapter 225, which went into effect on May 1, 2011, prohibits renting any unit in Class A buildings under the New York Multiple Dwelling Law ("MDL") for less than 30 days. The Appellants alleged that Chapter 225 will destroy their budget hotel businesses, under which they rent out a large number of the units in their buildings on a temporary basis to tourists. The District Court denied relief for lack of a sufficient showing of irreparable injury. See Dexter 345 Inc. v. Cuomo, No. 11 Civ. 1319, 2011 WL 1795824 (S.D.N.Y. May 3, 2011). We agree that the Appellants have failed to make a sufficient showing of irreparable injury and therefore affirm.

Background

Before July 2010, New York's MDL provided that Class A multiple dwellings be "occupied, as a rule, for permanent residence purposes." N.Y. Mult. Dwell. Law § 4(8) (McKinney 2009).  In contrast, Class B multiple dwellings are "occupied, as a rule transiently, as the more or less temporary abode of individuals or families."  N.Y. Mult. Dwell. Law § 4(9) (McKinney 2009).  Class B accommodations "include hotels, lodging houses, rooming houses, boarding schools, furnished room houses, lodgings, club houses, college and school dormitories and dwellings designed as private dwellings but occupied by one or two families with five or more transient boarders, roomers or lodgers in one household." *Id*. Class B dwelling units were required to comply with more stringent egress and fire safety requirements.  At issue in this case are "single room occupancy" (SRO") buildings.  The MDL defines an SRO as the "occupancy by one or two persons of a single room, or of two or more rooms which are joined together, separated from all other rooms within an apartment in a multiple dwelling, so that the occupant or occupants thereof reside separately and independently of the other occupant or occupants of the same apartment. N.Y. Mult. Dwell. Law § 4(16) (McKinney 2011).  It further provides that "when a class A multiple dwelling is used wholly or in part for single room occupancy, it remains a class A multiple dwelling." *Id.*  Many owners of Class A SRO buildings interpreted the "as a rule" provisions to allow them to rent some portion of their buildings as "budget" hotel rooms, which would more typically be typed

Class B accommodations.  In January 2009, a state appellate court interpreted "as a rule" to mean that owners of Class A buildings could rent up to half of their rooms for "nonpermanent or transient occupancy," so long as the majority of the rooms were rented for longer than 30 days. *See City of N.Y. v. 330 Continental LLC*, 60 A.D.3d 226, 230–31, 873 N.Y.S.2d 9, 12–13 (1st Dept. 2009).

In July 2010, in response to this decision, Chapter 225 amended the MDL to prohibit the rental of any unit in a Class A building for less than 30 days. 2010 N.Y. Sess. Laws Ch. 225, § 1 (McKinney). After a subsequent amendment, Chapter 225 became effective May 1, 2011. N.Y. Mult. Dwell. Law § 4(8) (McKinney 2011).  The stated purposes of Chapter 225 were to (1) prevent building owners from circumventing the strict fire safety standards applicable to hotels; (2) prevent "unfair competition to legitimate hotels that have made substantial investments to comply" with building codes; (3) protect the rights of permanent occupants who "must endure the inconvenience of hotel occupancy in their buildings;" and (4) preserve the supply of affordable permanent housing. *See* New York State Assembly Memorandum in Support of Legislation (S. 6873-B, 233rd Leg. (N.Y. 2010 (Sponsor's Memo)Bill No. A10008).

The Dexter Appellants own and manage a 270-room Class A single-room occupancy ("SRO") building, Dexter House, at 345 West 86th Street in Manhattan.  Before Chapter 225 became effective, they rented approximately 170 of their units to permanent residents and approximately 100 units to "[b]udget [h]otel" guests.  The Complaint

-4-

alleged that, when Dexter House was purchased in 1957, it "already operated" as a budget hotel, and Dexter Properties, LLC purchased it "with the expectation that it would continue to be operated as a [b]udget [h]otel." Appellant Esplanade 94 LLC ("Esplanade") owns a 240-room Class A SRO building, Hotel Alexander, at 306 and 308 West 94th Street in Manhattan. The Complaint alleged that Esplanade purchased Hotel Alexander in 2007 "with the expectation that it would continue to be operated as a [b]udget [h]otel." The building contains 127 long-term rental units and 112 budget hotel units.

In February 2011, the Appellants initiated this lawsuit asserting that Chapter 225 violated the Takings Clause of the Fifth Amendment, the Due Process Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, and equivalent clauses of the New York State Constitution. In April 2011, the Appellants filed their motion for a preliminary injunction, based solely on their claims under the federal and state Takings Clauses. Later that month, the District Court denied the motion in an order entered on May 2 and the next day issued a memorandum rejecting the claim that Chapter 225 subjected the Appellants to irreparable harm on the theory that it would deprive them of the right to make "productive use" of their properties.

## Discussion

This Court reviews a district court's denial of a preliminary injunction for "abuse of discretion." *Federal Express Corp. v. Federal Espresso,* Inc., 201 F.3d 168, 173 (2d Cir. 2000). A court abuses or

exceeds its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision--though not necessarily the product of a legal error or a clearly erroneous factual finding-- cannot be located within the range of permissible decisions." *Mastrovincenzo v. City of New York*, 435 F.3d 78, 88-89 (2d Cir. 2006) (internal quotation marks omitted). A district court may enter a preliminary injunction staying "governmental action taken in the public interest pursuant to a statutory or regulatory scheme" only when the moving party has demonstrated that it will suffer irreparable injury, and there is "a likelihood that [it] will succeed on the merits of [its] claim." *Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989). We confine our consideration to the Appellants' claim of irreparable injury.

It is well established that an irreparable injury is "an injury that is not remote or speculative but actual and imminent, and 'for which a monetary award cannot be adequate compensation.'" *Tom Doherty Assocs. v. Saban Entertainment, Inc.*, 60 F.3d 27, 37 (2d Cir. 1995) (quoting *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)). As the District Court noted, Dexter House has been operating since 1957 and Hotel Alexander since 2007, operations that will enable the Plaintiffs to calculate any money damages to which they might be entitled, including lost profits, based on previous rent figures. The Appellants' argument that the loss of goodwill will be irreparable fails in light of this long history. The

District Court correctly found that any loss of goodwill would result from the Appellants' inability to continue operating their budget hotel business as they had in the past.  The long history of operation by both Appellants ensures that they will be able to calculate money damages for any loss of goodwill they may have suffered if a taking is found.

The Appellants also contend that irreparable injury is shown by the threat to the continued existence of their budget hotel business. The District Court acknowledged that in some circumstances threat to the continued existence of a business can constitute irreparable injury,  as occurred in  *Nemer Jeep-Eagle, Inc. v. Jeep-Eagle Sales Corp.*, 992 F.2d 430 (2d Cir. 1993).  But the District Court properly distinguished *Nemer* on the ground that the lack of a track record for the *Nemer* plaintiff's recently established business precluded a basis from which to extrapolate damages.

The District Court also properly rejected the Appellants' claim of irreparable injury based on "reputational damage" allegedly arising from the legislative declaration that budget hotels like theirs are unsafe and unwanted in the community.  As the Court pointed out, any reputational damage occurred when Chapter 225 was enacted, and is not imminent injury, *see Tom Doherty Assocs.*, 60 F.3d at 37, that could be remedied by a preliminary injunction.

The Appellants have also failed to make the required showing of irreparable injury with respect to their claims that they will be unable  to  obtain  new  customers  or  reestablish  relationships  with

travel promoters.   They have adduced nothing more than conclusory assertions in support of these claims.   In addition, as noted by Appellee State of New York, the Appellants themselves are responsible for some of these purported injuries, because they apparently continued to accept reservations and payments for the period after May 1, 2011, even though Chapter 225 had been enacted nine months earlier.

The District Court did not exceed its discretion in concluding that the Appellants had not made a sufficient showing of irreparable injury that would justify preliminary injunctive relief.

Conclusion

The order of the District Court is affirmed.